Mr. Justice Cox
delivered the opinion of the court.
This is an action by plaintiff’ as endorsee of .a promissory note given by Alexander B. Shepherd to Frank Hume, and by him endorsed in blank. While the note was in the possession of Keyser thus endorsed, Keyser instituted a suit upon it, and, pending the action, he.transferred the note to William Birney and passed.the title by delivery without further endorsement. At the trial of the case on the general issue, the defendant relied upon this fact, and asked an *68 instruction .of the court to the effect that, if the jury believed the testimony of Keyser and should find that the plaintiff had parted with his interest in said note since the .institution of this action, by delivering the same with the ¡blank endorsement of Frank Hume thereon, the verdict must be for the defendant; and the justice presiding below .gave this instruction to the jury, and the verdict was for the ■defendant. Exceptions were taken, and the question comes before us here in its present form.
The defence rests upon the proposition, which is generally true, that where a party has a cause of action, if he parts with it after the suit has been commenced, his right to continue the action is at an end. The only question is, whether this principle is applicable to this elastic form of contract known as commercial paper. On this question the authorities are widely divergent. Cases in the State of Maryland have been cited on both sides, but in our judgment none of them apply here. In one case it- appeared that the plaintiff had endorsed the note in blank, and that was relied upon as evidence that he had passed the title aw'ay, but there had been no delivery of the note, and it was held that without that or some action equivalent, the title was not changed. On the other side, the defendant cited a case in which it.appeared that the plaintiff had endorsed the note in full to somebody else. Now, an endorsement in full passes the title, and, therefore, the defendant showed himself out of court as soon as he produced the instrument. On the other hand, certain cases are cited from the Connecticut Reports, and one from 8 Exeh., 884, which do unquestionably sustain the defence. They say that when a man transfers a note payable to bearer, or endorsed in blank, pending a suit, he has parted with his cause of action. But, again, cases are cited from the New York, Pennsylvania, Delaware and Iowa Reports, which sustain the position of the plaintiff to this extent — they say, generally, that a man who holds in his possession paper payable to bearer, or endorsed in blank, may institute suit in the name of anybody he pleases. Of course at the trial he will have to fill *69 up the blank endorsement with the name of the nominal plaintiff, and they hold, generally, that the plaintiff may, if he chooses, consider himself a cestui que use, and it is of no consequence to the defendant who brings the suit if the note is filed and cancelled in full by judgment rendered upon it, that is full protection to him. Now, without deciding the general questiou, there is this to be remarked. It is undoubtedly true that the mere transfer by the owner of a note endorsed in blank passes the legal title ; but we think it is within the power of the parties, by convention, to qualify the effect of that act. If I sell-a specific chattel, the title is passed by sale alone, and still more by delivery ; but it is perfectly well settled that in such a case I may agree with the purchaser that the legal title shall not be considered to have passed until the price is paid. Instances of that kind are common in the books, and I have no doubt that in such a case an action of replevin could be brought and maintained by the seller against a third party unless such third party had been deceived by the apparent ownership of the one from whom he bought the chattel. So with a promissory note, when the holder chooses to part with it during the pendency of a suit, I think it may be agreed between him and the assignee that, although delivery takes place, the legal title shall be considered as still remaining in the original holder for the purpose of prosecuting suit. Is there any evidence of such an agreement in this case? Keyser testifies unequivocally that he parted with all his beneficial interest in the paper, and that he did actually deliver it to William [Birney, and that he has no recollection of ordering the suit to be continued for Biruey’s use; but we find on record an order for the entry of the suit to the use of Birney by the attorney of the nominal plaintiff, Keyser, and this we may presume was authorized by the principal. He does not deny that he authorized it ; he merely says that he has no recollection .of having done so. We take it that this was an authorized entry by .the attorney, and that it is equivalent to an agreement that the suit should be prosecuted for the benefit of the assignee of the note, and that the legal title *70 should still remain in the nominal plaintiff' as far as necessary for that purpose ; and under these circumstances we think that the suit could still be maintained, and that the judge below was wrong in directing a verdict for the defendant.